■ ERNEST ABDELLA, Respondent, v EDWARD S. NE JAME, Appellant.—Main, J. P. Appeal from an order of the Supreme Court at Special Term (Graves, J.), entered February 18, 1985 in Fulton County, which denied defendant's motion to dismiss the complaint and for summary judgment.

Plaintiff, Ernest Abdella, negotiated with Aluminum Fair, Inc., for the installation of an in-ground swimming pool on his property. Work on such pool was begun but never completed by the company. Thereafter, Abdella commenced this action against defendant, Edward S. Ne Jame, the president of Aluminum Fair, seeking to recover damages stemming from Ne Jame's alleged failure to timely complete work on the pool and to recover for certain expenses wrongfully incurred by Ne Jame in Abdella's name. Subsequent to the commencement of this action, Aluminum Fair and Ne Jame commenced a separate action to foreclose a mechanic's lien and for breach of contract. In that action, Abdella counterclaimed to have the mechanic's lien declared void pursuant to Lien Law § 39-a because Aluminum Fair and Ne Jame had willfully exaggerated the amount of the lien. Aluminum Fair and Ne Jame were later allowed to discontinue the lien foreclosure cause of action. Aluminum Fair and Ne Jame twice moved to have their action tried jointly with the instant action, but both motions were denied.

The action instituted by Aluminum Fair and Ne Jame proceeded to trial and, following a nonjury trial, Trial Term found for Aluminum Fair and Ne Jame under the theory of

quantum meruit in the sum of $10,044.60 but reduced that amount by $3,965.70, the amount by which the court found that Aluminum Fair and Ne Jame had willfully exaggerated their lien. This court affirmed Trial Term's judgment *(Aluminum Fair v Abdella,* 90 AD2d 603, *lv denied* 58 NY2d 606). Thereafter, Ne Jame moved to dismiss Abdella'a complaint and for summary judgment, alleging that Abdella was barred from asserting his claims under the doctrines of res judicata and collateral estoppel. Special Term denied Ne Jame's motion and this appeal ensued.

We affirm. As noted by Special Term, there has been no judicial determination as to the claims asserted and issues raised by Abdella. In the action already concluded, Abdella raised only a statutory defense under the Lien Law, and Trial Term resolved only Aluminum Fair's and Ne Jame's entitlement to payment for work performed in light of Abdella's statutory defense. Here, in contrast, Abdella affirmatively seeks to recover for damages sustained by him because Ne Jame allegedly failed to complete the pool installation and wrongfully incurred expenses in Abdella's name. In light of the foregoing, Abdella should not now be barred from asserting his claims simply because he could have, had he so chosen, asserted them by way of defense or counterclaim in the action already concluded *(see, Lukowsky v Shalit,* 110 AD2d 563, 566; *Pace v Perk,* 81 AD2d 444, 460).

Order affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.