■ MERVIN SAKOWITZ et al., Appellants, v SMARAGDA KETSOGLOU et al., Respondents.—In an action, *inter alia,* to recover damages for breach of contract and fraud arising from an agreement to purchase real property, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Levitt, J.), entered October 16, 1984, which denied their

motion for summary judgment, and (2) an order of the same court (Velsor, J.), dated July 24, 1985, which denied their motion to compel the defendant Petras to render an accounting and to deposit into the court a down payment on the property held by him in escrow.

Order entered October 16, 1984, modified on the law by adding thereto a provision that, upon searching the record, partial summary judgment is granted to the defendants striking that portion of the complaint which seeks recovery of counsel fees. As so modified, order affirmed.

Order dated July 24, 1985, affirmed.

The defendants are awarded one bill of costs.

We find that Special Term acted properly in denying the plaintiffs' motion for summary judgment, as the affidavits submitted by the parties on the motion raise triable issues of fact. We find that the references to three different locations of the property in the contract of sale are sufficient to create factual questions concerning whether the parties intended that the location of the subject property within the Incorporated Village of Garden City be a material term of the agreement, and, if so, whether the plaintiffs knew of the property's true location before executing the contract and whether they reasonably relied upon one of the references as indicating that the property was in the Incorporated Village of Garden City in entering into the agreement. Under these circumstances, the parties should be permitted to present further proof on the issues of contractual intent, knowledge and reliance *(see generally, Board of Educ. v Greene,* 112 AD2d 182; *Barbarita v Shilling,* 111 AD2d 200).

The plaintiffs' claim for counsel fees must be dismissed since such damages are recoverable only when permitted by contract or statute *(see, Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12; *City of Buffalo v Clement Co.,* 28 NY2d 241; *Hoffliss Water Corp. v Arne,* 88 AD2d 989).

Furthermore, we discern no error in the denial of the motion to compel payment of the escrow funds into court. At this point in the proceeding, no valid reason or legal basis has been presented for burdening the court with the task of securing the plaintiffs' down payment which is now deposited in an attorney's escrow account. Mollen, P. J., Weinstein, Rubin and Spatt, JJ., concur.