equity interest in a cooperative apartment. She has also apparently paid her new attorneys a substantial retainer fee. Counsel has therefore cast sufficient doubt upon the client's claim of indigence to warrant a hearing on the issue *(see, Pileggi v Pileggi, supra)*. A finding of indigence will justify converting the attorney's retaining lien into a charging lien, which will attach to whatever proceeds of the litigation accruing to Mrs. Cohen the appellant helped to create. Alternatively, if it is determined that Mrs. Cohen is not indigent, and that no other exigent circumstances exist, the amount of the fee due the appellant, if any, should be ascertained, and the appellant should be directed to turn over the file in exchange for payment of his fee or the posting of an adequate security therefor.

Mrs. Cohen has made allegations that the appellant overcharged her, did not complete discovery by the eve of trial, issued improper subpoenas, and otherwise behaved improperly. The hearing court should therefore explore whether the appellant was or should have been discharged for cause, in which event he would not be entitled to a lien or compensation *(see, Teichner v W & J Holsteins,* 64 NY2d 977; *Andreiev v Keller,* 168 AD2d 528, 529). Harwood, J. P., Balletta, Rosenblatt and Lawrence, JJ., concur.

■ Lisa M. Devlin, Appellant, v Paul Putorti, Respondent. —In a family offense proceeding, the petitioner appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Bellantoni, J.), dated December 11, 1989, as, after a hearing, granted the respondent access to the basement of the marital residence.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

After a hearing, the Family Court found, among other things, that the respondent posed no threat to the safety of the petitioner. This finding is supported by the weight of the evidence. In light of this finding of fact, and in light of all the circumstances of this case, we see no merit to the petitioner's argument that the respondent should be permanently barred from every part of the marital residence *(see generally, Chieco v Chieco,* 170 AD2d 569; *cf., Merola v Merola,* 146 AD2d 611).

We have examined the petitioner's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.

■ Energycrescent, Inc., Appellant, v Creative Modules Enterprises, Inc., Respondent.—In an action, *inter alia,* for

specific performance of an option to purchase real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Lane, J.), dated July 13, 1990, which denied its motion for summary judgment.

Ordered that the order is modified, on the law, by granting the motion to the extent of (1) awarding summary judgment in favor of the plaintiff on its claim for specific performance, and (2) awarding partial summary judgment in favor of the plaintiff on the issue of liability only on its claim for damages; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The plaintiff commenced the instant action for specific performance of an option to purchase real property and to recover damages and counsel fees incurred as a result of the defendant's refusal to convey the subject premises pursuant to the option agreement. The plaintiff thereafter moved for summary judgment on these claims, and the defendant opposed the motion on the ground that the claims were barred by res judicata The Supreme Court denied the motion based on its finding that a triable issue existed regarding whether res judicata was applicable to the case. We now modify the order of the Supreme Court.

We note that the issue of the applicability of res judicata to this case presents a question of law, not of fact. Contrary to the defendant's contention, res judicata does not bar the plaintiff's claims. The record demonstrates that the prior litigation between the parties consisted of an unsuccessful attempt by the defendant to invalidate the option agreement, or the lease in which it is set forth, on various grounds. The gravamen of the plaintiff's instant claims is not the same wrong which was at issue in the prior litigation (see, Matter of Reilly v Reid, 45 NY2d 24; Lukowsky v Shalit, 110 AD2d 563). Moreover, the prior litigation was commenced long before the option could be exercised, and an attempt by the plaintiff to assert its claim for specific performance as a counterclaim in that action would have been inappropriate. In any event, it is well settled that "[w]here a [party] may interpose a claim as a counterclaim but fails to do so, the doctrine of res judicata in the sense of claim preclusion does not apply to prevent him from subsequently maintaining an action on that claim" (Pace v Perk, 81 AD2d 444, 460; see, Abdella v Ne Jame, 120 AD2d 793; Lukowsky v Shalit, supra). Accordingly, the plaintiff is entitled to an award of summary judgment on its claim for specific performance of the option agreement. Additionally,

the plaintiff is entitled to partial summary judgment on the issue of liability only with respect to its claim for damages caused by the defendant's refusal to comply with the terms of the option agreement. The matter must be remitted to the Supreme Court for an inquest to determine the amount of damages, if any, which the plaintiff has incurred. However, we find that summary judgment was properly denied with respect to the plaintiff's claim for counsel fees, inasmuch as the plaintiff has not shown any contractual or statutory provision authorizing such an award *(see, Sakowitz v Ketsoglou,* 120 AD2d 512).

Finally, the defendant's contention that the plaintiff attempted to exercise the option in an untimely fashion is not properly before this court, inasmuch as this argument was never advanced in the Supreme Court as a ground for denying the plaintiff's motion *(see, Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757). Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.

■ VINCENT FALLICA, Appellant, v BERNARD ORT et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Smith, J.), dated May 23, 1990, which denied his application for leave to increase the ad damnum clause of the complaint from $500,000 to $3,500,000, and (2) as limited by his brief, from so much of an order of the same court dated September 18, 1990, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated May 23, 1990, is dismissed, as that order was superseded by the order dated September 18, 1990, made upon reargument; and it is further,

Ordered that the order dated September 18, 1990, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

In a personal injury action it is incumbent upon a plaintiff seeking to amend the ad damnum clause of his complaint to show by a sworn statement of a physician that the plaintiff's physical condition has worsened or was underdiagnosed *(see, Chimento v DeMatteis Org.,* 157 AD2d 702; *Portnow v Shelter Rock Pub. Lib.,* 125 AD2d 382; *Dolan v Garden City Union Free School Dist.,* 113 AD2d 781). In this case, although the plaintiff submitted letters from physicians who had examined him, most of these letters were unsigned and unsworn, and none of them spoke of any worsening or underestimation of