■ SILBERSTEIN, AWAD & MIKLOS, P.C., Appellant-Respondent, v SPENCER, MASTON & McCARTHY, LLP, Respondent-Appellant. [841 NYS2d 623]—

In an action to enforce a charging lien, the plaintiff appeals

from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated November 30, 2005, as granted that branch of the defendant's motion which was to dismiss the complaint on the ground of res judicata and denied its motion to enforce the charging lien, and the defendant cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for the imposition of sanctions and for an attorney's fee.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was to dismiss the complaint on the ground of res judicata is denied, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and a new determination on the plaintiff's motion to enforce its charging lien; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Res judicata precludes all claims which could have or should have been litigated in prior proceedings, even if the instant claim is based upon different theories or seeks a different remedy (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *Fogel v Oelmann*, 7 AD3d 485 [2004]; *CRK Contr. of Suffolk v Brown & Assoc.*, 260 AD2d 530 [1999]). Res judicata will not, however, bar a second action where different elements of proof are required to support the claims (*see Doe v North Shore Univ. Hosp.*, 28 AD3d 603 [2006]; *Vigliotti v North Shore Univ. Hosp.*, 24 AD3d 752 [2005]; *Matter of Melillo v County of Nassau*, 307 AD2d 356 [2003]; *Energycresent, Inc. v Creative Modules Enters.*, 183 AD2d 804 [1992]; *Abdella v Ne Jame*, 120 AD2d 793 [1986]).

The issues involved in the plaintiff's first and second actions had different factual predicates. As such, they were not part of the same "transaction or series of transactions" and the second action was not barred by res judicata (*see Vigliotti v North Shore Univ. Hosp.*, 24 AD3d 752 [2005], *supra*).

Contrary to the defendant's contention, the issue of the plaintiff's entitlement to enforcement of its charging lien (*see* Judiciary Law § 475) or to recover on the basis of quantum meruit has never been adjudicated on the merits and was not the subject of the prior action.

The defendant's remaining contentions are without merit. Prudenti, P.J., Mastro, Angiolillo and Dickerson, JJ., concur.