Kemper Independence Ins. Co. v Cornerstone Chiropractic, P.C. (2020 NY Slip Op 03876)





Kemper Independence Ins. Co. v Cornerstone Chiropractic, P.C.


2020 NY Slip Op 03876


Decided on July 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2020

Friedman, J.P., Renwick, Gische, Mazzarelli, Moulton, JJ.


11809 155881/16

[*1] Kemper Independence Insurance Company, Plaintiff-Appellant,
v
Cornerstone Chiropractic, P.C., et al., Defendants, JS Medical, P.C., et al., Defendants-Respondents.


Goldberg, Miller & Rubin, P.C., New York (Timothy R. Bishop of counsel), for appellant.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered December 20, 2018, which denied plaintiff's motion for summary judgment declaring that defendants JS Medical, P.C. and Wert Specialty Orthopedics, P.C. (together, defendants) have no right to collect no-fault benefits from plaintiff with respect to the subject accident, and granted defendants' cross motion for summary judgment to the extent of dismissing the complaint as against JS, unanimously reversed, on the law, without costs, plaintiff's motion granted and defendants' motion denied, and it is declared that defendants have no right to collect said no-fault benefits.
The claimants' failure to subscribe and return the transcripts of their examinations under oath (EUOs) violated a condition precedent to coverage and warranted denial of the claims (see Hereford Ins. Co. v Forest Hills Med., P.C., 172 AD3d 567 [1st Dept 2019]). This is so notwithstanding plaintiff's failure to present proof of proper delivery of the denials (see Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559, 560 [1st Dept 2011], lv denied 17 NY3d 705 [2011]).
Plaintiff is entitled to summary judgment on the additional ground that defendants failed to appear at two scheduled EUOs (see Hertz Vehs. LLC v Significant Care, PT, P.C., 157 AD3d 600 [1st Dept 2018]; Mapfre Ins. Co. of N.Y. v Manoo, 140 AD3d 468 [1st Dept 2016], appeal withdrawn 29 NY3d 995 [2017]). Considering the brevity of the delay and JS's ultimate failure to appear, we find that plaintiff's "one-day tardiness in issuing its follow-up request for the EUO scheduled for" JS was "a technical defect excusable under 11 NYCRR 65-3.5(p)" (Z.M.S. & Y. Acupuncture, P.C. v Geico Gen. Ins. Co., 56 Misc 3d 926, 930 [Civ Ct, Kings County 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2020
CLERK