Martinez v JRL Food Corp. (2021 NY Slip Op 02992)





Martinez v JRL Food Corp.


2021 NY Slip Op 02992


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Gische, J.P., Kapnick, Oing, Singh, JJ. 


Index No. 32111/18E Appeal No. 13807 Case No. 2020-02971 

[*1]Odile Altagracia Martinez, Plaintiff-Respondent,
v
JRL FOOD CORP., Doing Business as Keyfood Supermarket, et al., Defendants-Appellants.


Chartwell Law, New York (Andrew Furman of counsel), for appellants.
Della Mura & Ciacci, LLP, Bronx (Joshua Annenberg of counsel), for respondent.



Order, Supreme Court, Bronx County (Robert T. Johnson, J.), entered June 2, 2020, which denied defendants' motions to dismiss the complaint, unanimously affirmed, without costs.
Res judicata, or claim preclusion, precludes a party from litigating a claim where a judgment on the merits exists from a prior action between the same parties, involving the same subject matter; the doctrine applies even if the later claim is based on a different theory or seeks a different remedy, so long as it arises out of the same transaction (see Matter of Josey v Goord, 9 NY3d 386, 389-390 [2007]). "A stipulation to discontinue with prejudice does carry res judicata authority, but a party cannot be precluded from raising an issue in his [or her] own right in subsequent litigation, absent some privity to the proceedings disposing of the prior claim" (Rossi v Twinbogo Co., 193 AD2d 481, 483 [1st Dept 1993] [internal citations omitted], lv dismissed 82 NY2d 889 [1993]).
The issues involved in plaintiff's prior actions compared to the instant action concern different factual predicates and, therefore, the instant action is not barred by the doctrine of res judicata (see Silberstein, Award & Miklos, P.C. v Spencer, Maston & McCarthy, LLP, 43 AD3d 902, 903 [2d Dept 2007], lv dismissed 10 NY3d 805 [2008]; Vigliotti v North Shore Univ. Hosp., 24 AD3d 752, 754 [2d Dept 2005]). In the prior two actions plaintiff's counsel had misunderstood where the accident occurred. After discovering the error, plaintiff stipulated to discontinue the prior actions, since she had commenced the actions against parties believed to have ownership and control of the incorrect premises. The instant action was commenced once plaintiff's counsel discovered the true accident location. Moreover, the most natural understanding of the language "with prejudice" in the stipulations discontinuing the prior actions is that litigation concerning an accident that occurred at the incorrect premises would be discontinued; the stipulation was not that the negligence claim as to the accident itself would be discontinued. The language "with prejudice" is narrowly interpreted in the interests of justice or the particular equities involved (see Employers' Fire Ins. Co. v Brookner, 47 AD3d 754, 756 [2d Dept 2008]). Nor is this action barred under CPLR 3217(c) because the two prior actions were discontinued for good cause and clearly not for harassment purposes (Tortorello v Carlin, 162 AD2d 291 [1st Dept 1999]).
Furthermore, there is no evidence that the motion court improvidently exercised its discretion in declining to convert defendant Weinberg Jerome LLC's motion to dismiss as one for summary judgment. "[T]he record does not establish that the parties
deliberately chart[ed] a summary judgment course" (Wadiak v Pond Mgt., LLC, 101 AD3d 474, 475 [1st Dept 2012] [internal quotation marks omitted]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021