## Hereford Ins. Co. v 21 Century Chiropractic Care

2024 NY Slip Op 33425(U)

September 30, 2024

Supreme Court, New York County

Docket Number: Index No. 150314/2022

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**

*Justice*

------------------------------------------------------------------X

HEREFORD INSURANCE COMPANY,

                Plaintiff,

- v -

21 CENTURY CHIROPRACTIC CARE, ALL CITY FAMILY HEALTHCARE, AMERIPATH NY, ANDREW HALL, CITYMD URGENT CARE, COMPREHENSIVE MRI OF NEW YORK, CROSS BAY ORTHOPEDIC SURGERY, CVAP MEDICAL P.C.,D&D DRUGS, INC.,DRAK MEDICAL EQUIPMENT INC.,EAST SIDE PRIMARY MEDICAL CARE, PC,ELENA BORISOVNA STYBEL, EMOTE MEDICAL SERVICES, EXACT ORTHOMED, INC.,EZ RELIEF MEDICAL, PC,FIFTH AVENUE SURGERY CENTER, FLORAL PARK DRUGS INC.,GALAXY RX INC.,INTERVENTIONAL PHYSICAL MEDICINE & REHAB MEDICINE OF NEW YORK PLLC,JR MEDICAL PC,LENCO DIAGNOSTIC LABORATORY, MACINTOSH MEDICAL PC,MASPETH MED SUPPLY, INC.,MIKLOS LOSONCZY, MJG MEDICAL SERVICES PC,MULTIMED SUPPLY, INC.,NYC BEST SUPPLY, INC.,OLD STAR INC.,OPP RAPID DIAGNOSTIC INC.,OZONE RX INC.,PRIMAVERA PHYSICAL THERAPY, P.C.,REFUAH DIAGNOSTIC LLC,ROCKAWAY ASC DEVELOPMENT, LLC,RN SUPPLY INC.,S&N NYC INC.,SEDATION VACATION PERIOPERATIVE MEDICINE, PLLC,SKY RADIOLOGY P.C.,ST. BARNABAS HOSPITAL, TOTAL ANESTHESIA PROVIDER, PC,WELLCARE NEUROLOGY PLLC,RACHEL STEPNEY, VERONICA STEPNEY

                Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| PART | 33M |
| INDEX NO. | 150314/2022 |
| MOTION DATE | 08/25/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 122, 123, 124, 125, 126, 127

were read on this motion to/for                       DISMISSAL             .

Upon the foregoing documents, Defendants Cross Bay Orthopedic Surgery, Maspeth Med

Supply, Inc., Multimed Supply, Inc., NYC Best Supply, Inc., and Ozone RX Inc. (collectively

"Moving Defendants") motion to dismiss Plaintiff Hereford Insurance Company's Complaint

("Plaintiff") pursuant to CPLR 3211 (a)(5) and (7) is denied. Plaintiff's cross-motion for summary judgment against Moving Defendants is granted.

## I.    Background

This is an action by Plaintiff attempting to disclaim no-fault benefits arising from a car accident involving Defendants Veronica Stepney and Rachel Stepney (collectively "Claimants"). After the alleged accident, the Claimants sought treatment with various medical providers, including the Moving Defendants. Plaintiff is attempting to disclaim coverage under a "founded belief" defense and because Claimants failed to subscribe their EUO transcripts.

According to the Moving Defendants, Defendant Macintosh Medical PC ("Macintosh") has already arbitrated against Plaintiff its entitlement to no-fault reimbursement related to treatment provided to Claimants. Moving Defendants claim the arbitrator awarded Macintosh reimbursement because the arbitrator found that Plaintiff failed to support its founded belief defense by a preponderance of the evidence. Moving Defendants argue that the finding of the arbitrator is entitled to collateral estoppel and *res judicata*. Moving Defendants argue that because Plaintiff did not raise Claimants' failure to subscribe their EUO transcripts in the arbitration proceeding against Macintosh, collateral estoppel should also be applied to that defense. They further request this Court find that reimbursement to no fault benefits should not be denied simply because the Claimants did not subscribe their EUO transcripts.

Plaintiff cross-moves for summary judgment. Plaintiff cites to First Department precedent holding that failure to subscribe an EUO transcripts constitutes a violation of a condition precedent allowing for disclaimer of no-fault benefits. They also argue that Moving Defendants' motion is procedurally defective because there it is not supported by an affidavit from someone with personal knowledge. Plaintiff argues the Moving Defendants' motion is without merit as none of the

Moving Defendants were parties to any of the arbitrations they rely on, and that the Moving Defendants initiated their own arbitrations but withdrew from those arbitrations prior to any final determination. Plaintiff argues because the failure to subscribe defense was not brought in any arbitration, there is no preclusive effect, and in any event, where an arbitral award ignores First Department precedent, it must be vacated.

Moving Defendants oppose the cross-motion by asserting that the Claimants executed and returned their EUO transcripts on June 19, 2024. Moving Defendants argue therefore the second cause of action which seeks to disclaim coverage based on failure to subscribe their EUO transcripts is now moot. They also argue that Plaintiff's post-EUO verification requests lacked the requisite language to place them on notice that failure to subscribe could result in denial of their claims.

In reply, Plaintiff argues that their requests for post-EUO verification were proper. They also argue that the executed EUO transcripts lack the proper foundation to be deemed evidence in opposition to the motion as there is no affidavit indicating how these signatures were obtained or that the signatures do in fact belong to Claimants. Plaintiff argues that in any event, the executed transcripts are untimely.

## II.    Discussion

## A. Moving Defendants' Motion to Dismiss

### i.    Collateral Estoppel & Res Judicata

Collateral estoppel is an equitable doctrine, grounded in the facts and realities of a particular litigation, and is not to be applied rigidly (*Buechel v Bain*, 97 NY2d 295, 303 [2001]; *Tydings v Greenfield, Stein & Senior, LLP*, 43 AD3d 680, 684 [1st Dept 2007]; *Pustilnik v Battery Park City Authority*, 71 Misc.3d 1058, 1069 [Sup Ct, New York County 2021]). "The fundamental

inquiry is whether re-litigation should be permitted in a particular case in light of fairness to the parties, conservation of the resources of the courts and the litigants, and the societal interests in consistent and accurate results." *Buechel* at 304. The litigant seeking the benefit of collateral estoppel must show that the decisive issue was necessarily decided in the prior action against a party, or one in privity with a party, while the party to be precluded bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination (*id.*).

Under the doctrine of *res judicata*, a final adjudication of a claim precludes relitigating that claim and all claims arising out of the same transaction or series of transactions by a party (*Martinez v JRL Food Corp.*, 194 AD3d 488 [1st Dept 2021]).

Here, the Court declines to apply the doctrines of collateral estoppel and *res judicata* to Plaintiff's failure to subscribe cause of action.[1] Moving Defendants concede that the failure to subscribe defense was not raised by Plaintiff in the prior arbitrations and therefore there has been no determination on the merits of that claim. Moreover, there is a lack of identical parties as Moving Defendants rely on an arbitration which did not include them but included Plaintiff and co-defendant Macintosh. As there has been no final adjudication of this claim between Plaintiff and the Moving Defendants, neither *res judicata* nor collateral estoppel can apply to bar this cause of action.

### ii.    Failure to State a Claim

When reviewing a motion to dismiss for failure to state a claim, the Court must give the Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings and determines only whether the alleged facts fit within any cognizable legal theory (*Sassi v Mobile*

---

[1] Because the Court grants Plaintiff's motion for summary judgment based on Claimants' failure to subscribe, Moving Defendants' arguments related to Plaintiff's founded belief cause of action are moot and the Court need not address them.

*Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). All factual allegations must be accepted as true (*Allianz Underwriters Ins. Co. v Landmark Ins. Co.*, 13 AD3d 172, 174 [1st Dept 2004]). Conclusory allegations or claims consisting of bare legal conclusions with no factual specificity are insufficient to survive a motion to dismiss (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]; *Barnes v Hodge*, 118 AD3d 633, 633-634 [1st Dept 2014]). A motion to dismiss for failure to state a claim will be granted if the factual allegations do not allow for an enforceable right of recovery (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

Moving Defendants seek dismissal of Plaintiff's failure to subscribe cause of action under CPLR 3211(a)(7). On a motion to dismiss for failure to state a claim, the Court merely ascertains whether a claim has been alleged based on the pleadings. The Court finds Moving Defendants' argument that their founded belief cause of action contradicts the failure to subscribe cause of action to be without merit. There is no bar on Plaintiff seeking to disclaim no-fault benefits under multiple grounds, and in any event, Plaintiff may maintain a founded belief defense while at the same time seeking to disclaim coverage for failure to comply with a condition precedent to coverage. Moreover, Moving Defendants' citation to a variety of arbitral decisions which refused to enforce the failure to subscribe defense contradicts First Department precedent and is no grounds to dismiss Plaintiff's second cause of action (*see Kemper Independent Ins. Co. v Cornerstone Chiropractic, P.C.*, 185 AD3d 468 [1st Dept 2020]). Therefore, Moving Defendants' motion to dismiss is denied.

## B. Plaintiff's Cross-Motion for Summary Judgment

Plaintiff's motion for summary judgment against the Moving Defendants on its second cause of action seeking to disclaim coverage based on Claimants' failure to subscribe is granted. The First Department has repeatedly held that failure to subscribe and return an EUO transcript

constitutes a violation of a condition precedent to no-fault coverage (*see Kemper Independent Ins. Co. v Cornerstone Chiropractic, P.C.*, 185 AD3d 468 [1st Dept 2020]; *Hereford Ins. Co. v Forest Hills Medical, P.C.*, 172 AD3d 567 [1st Dept 2019]; *Hertz Vehicles, LLC v Gejo, LLC*, 161 AD3d 549 [1st Dept 2018]).

Plaintiff has met its *prima facie* burden of showing Claimants' failure to subscribe through the affidavit of Joronda McBurnie, a no-fault adjuster employed by Plaintiff (NYSCEF Doc. 118). Moreover, Plaintiff produced multiple letter requests to Claimants and their attorney seeking verification of their EUO transcript with a warning that failure to do so will result in denial of their claim (NYSCEF Doc. 120). Moreover, it is undisputed that the EUO transcripts were never executed in the allotted time period, despite same being provided to the Claimants and their counsel. Thus, under well-established First Department case law, Plaintiff is entitled to disclaim reimbursement to Moving Defendants based on treatment provided to Claimants whose coverage was denied (*Kemper Independence Ins. Co. v Cornerstone Chiropractic, P.C.*, 185 AD3d 468 [1st Dept 2020]).

Although Moving Defendants have produced unauthenticated and executed EUO transcripts, this was done nearly three years after the verification requests were sent and well after this declaratory judgment action was initiated. Moreover, there is no foundation as to the authenticity of the signatures and therefore it would be improper for this Court to consider them in opposition to Plaintiff's motion for summary judgment. Although Moving Defendants argue that because Claimants were not put on notice that they had 120 days to provide a verification, they were sent multiple verification requests, with the last requesting return of an executed transcript within 30 days (*see* NYSCEF Docs. 119-120). The failure to state explicitly Claimants had 120 days to return an executed EUO transcript may be considered a "technical defect excusable

under 11 NYCRR 65-3.5(p)" (*Kemper, supra* at 469). In any event, the verified transcripts were never returned, either within the 30-day or 120-day window, and failure to comply with a condition precedent to coverage voids the policy *ab initio* (*Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC*, 82 AD3d 559, 560 [1st Dept 2011] citing *Central Gen. Hosp. v Chubb Group of Ins. Cos.*, 90 NY2d 195, 199 [1997]). Therefore, Plaintiff's cross-motion for summary judgment is granted.

Accordingly, it is hereby,

ORDERED that Moving Defendants' motion to dismiss Plaintiff's Complaint is denied; and it is further

ORDERED that Plaintiff's cross-motion for summary judgment against Moving Defendants based on the Claimants failure to subscribe their EUO transcripts is granted; and it is further

ORDERED that within ten days of entry, Plaintiff shall e-mail to SFC-Part33@nycourts.gov a proposed order containing the requested declaratory relief against Moving Defendants seek in its summary judgment motion; and it is further

ORDERED that within ten days of entry, Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 9/30/2024 | | | | | | *Mary V Rosado* JSC | |
|---|---|---|---|---|---|---|---|
| DATE | | | | | | HON. MARY V. ROSADO, J.S.C. | |
| CHECK ONE: | | ☐ CASE DISPOSED | | x | NON-FINAL DISPOSITION | | |
| | | ☐ GRANTED | ☐ DENIED | x | GRANTED IN PART | | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | ☐ REFERENCE |