Hereford Ins. Co. v 21 Century Chiropractic Care (2025 NY Slip Op 06022)

Hereford Ins. Co. v 21 Century Chiropractic Care

2025 NY Slip Op 06022

Decided on October 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 30, 2025

Before: Moulton, J.P., Gesmer, González, Higgitt, Michael, JJ.

Index No. 150314/22|Appeal No. 5079|Case No. 2024-06498|

[*1]Hereford Insurance Company, Plaintiff-Respondent,

v

21 Century Chiropractic Care et al., Defendants, Cross Bay Orthopedic Surgery et al., Defendants-Appellants.

Roman Kravchenko, Huntington (Jason Tenenbaum of counsel), for appellants.

Goldberg, Miller & Rubin PC, New York (Victoria Tarasova of counsel), for respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered October 1, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's cross-motion for summary judgment as against defendants Cross Bay Orthopedic Surgery, Maspeth Med Supply, Inc., Multimed Supply, Inc., NYC Best Supply Inc., and Ozone RX Inc., unanimously affirmed, with costs.

The appealing defendants argue that a failure to subscribe an transcript from an examination under oath (EUO) is a violation of a condition precedent to contract performance rather than violation of a condition precedent to coverage. However, these defendants failed to raise this argument before Supreme Court, and the issue is therefore unpreserved for our review (see Pirraglia v CCC Realty NY Corp., 35 AD3d 234, 235 [1st Dept 2006]). In any event, the argument is also unavailing, as we have previously held that a claimant's failure to subscribe EUO transcripts did, in fact, violate a condition precedent to coverage, voiding the policy ab initio and warranting denial of the claim (see Kemper Independence Ins. Co. v Cornerstone Chiropractic, P.C., 185 AD3d 468, 468-469 [1st Dept 2020]; Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559, 560 [1st Dept 2011], lv denied