# Hertz Vehs., LLC v A2K NY Corp.

2026 NY Slip Op 30816(U)

March 4, 2026

Supreme Court, New York County

Docket Number: Index No. 151967/2025

Judge: Matthew V. Grieco

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK NEW YORK COUNTY

PRESENT: **HON. MATTHEW V. GRIECO**      PART      30M

*Justice*

-----------------------------------------------------------------------X

HERTZ VEHICLES, LLC, AND ALL OF ITS AFFILIATES AND SUBSIDIARIES, INCLUDING BUT NOT LIMITED TO THE HERTZ CORPORATION, AND HERTZ CO.,

                 Plaintiff,

            - v -

A2K NY CORP, ACE MED SUPPLIES INC., ANJANI SINHA MEDICAL, P.C., ANTEY CORP, BEACH MEDICAL REHABILITATION, P.C., BETTER MEDICAL HEALTH, P.C., CLINICAL PHARMACY, INC. D/B/A CPW PHARMACY, DAVID CARMILI, PHYSICIAN, P.C., EMED PHARMACY CORPORATION, EMPIRE K CORP, HARMONY OS, LLC, I & A IMAGING, LLC, J FLEXIBLE CORP, KUMAN MEDICAL SUPPLY INC., LEADER RX PHARMACY, LLC, MANALAPAN SURGERY CENTER, MR 2B, INC., NEXGEN LINE, INC.,OCEAN CHEMISTS, INC., ONE HAND 1 PHYSICAL THERAPY, P.C., PARS MEDICAL, P.C., PICOLINI, INC., PINNACLE OS, LLC, PSYCHOLOGY 21, P.C., QUALITY LABORATORY SERVICE, RAFAEL YAAKOBOV FAMILY HEALTH NP, P.C., RAIA MEDICAL SERVICES, P.C., RIDGEWOOD MEDICAL SERVICES, P.C., SCOB, LLC, STREAMCARE, LLC, YOUSHA MEDICAL WELLNESS, PLLC, WILLIS CARE PHARMACY, INC., CHAMELL JOHNSON, KEIANA THOMAS, DERRELL WINFREY

                 Defendants.

-----------------------------------------------------------------------X

INDEX NO.    151967/2025

MOTION DATE    01/29/2026

MOTION SEQ. NO.    002

**AMENDED DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106

were read on this motion to/for      JUDGMENT - DEFAULT      .

     Upon the foregoing documents, and for the reasons stated *infra*, plaintiff's

motion for a default judgment is granted.

     On February 12, 2025, plaintiff, Hertz Vehicles, LLC, and all of its affiliates and

subsidiaries ("Hertz"), commenced this action for a declaratory judgment that it owes no

duty to pay any no-fault claims arising out of a motor vehicle collision that allegedly

151967/2025 HERTZ VEHICLES, LLC, AND ALL OF ITS AFFILIATES AND SUBSIDIARIES, INCLUDING BUT NOT LIMITED TO THE HERTZ CORPORATION, AND HERTZ CO. vs. A2K NY CORP ET AL
Motion No. 002

Page 1 of 6

1 of 6

[* 1]

occurred on September 24, 2024, on the ground that claimants defendants Chamell P. Johnson, Keiana Monay Thomas, and Derrell Winfrey failed to return subscribed copies of their examination under oath ("EUO") transcripts (NYSCEF Doc. No. 1).

The following defendants filed answers (some with counterclaims): Ace Med Supplies, Inc. ("Ace") (April 9, 2025, NYSCEF Doc. No. 37); Beach Medical Rehabilitation P.C. ("Beach"), Kuman Medical Supply Inc. ("Kuman"), Manalapan Surgery Center ("Manalapan"), and Pars Medical, P.C. ("Pars") (April 15, 2025, NYSCEF Doc. No. 38); David Carmili, Physician, P.C. ("Carmili") (April 22, 2025, NYSCEF Doc. No. 42); and I & A Imaging, LLC ("I&A") and Ridgewood Medical Services, P.C. ("Ridgewood") (May 14, 2025, NYSCEF Doc. No. 44).

On May 16, 2025, plaintiff moved for a default judgment pursuant to CPLR 3215 (NYSCEF Doc. Nos. 45-65) against all defendants except Streamcare, LLC.[1] Defendants Carmili, I&A, and Ridgewood filed an opposition (NYSCEF Doc. No. 74), asserting that plaintiff should be compelled under CPLR 3012(d) to accept their late answers.

The following additional defendants subsequently filed answers: Anjani Sinha Medical, P.C. and One Hand 1 Physical Therapy, P.C. (May 21, 2025, NYSCEF Doc. No. 66); Raia Medical Services, P.C. (June 4, 2025, NYSCEF Doc. No. 69); and Rafael Yaakobov Family Health NP P.C. (July 1, 2025, NYSCEF Doc. No. 73).

On August 28, 2025, the Court (Leticia M. Ramirez, J.) denied plaintiff's motion for default judgment in its entirety (NYSCEF Doc. No. 76) due to defects in the affirmation of service. As to the corporate entities, which had been served through the

---

[1] Plaintiff stated that, despite due diligence, Streamcare, LLC could not be located for service.

**151967/2025   HERTZ VEHICLES, LLC, AND ALL OF ITS AFFILIATES AND SUBSIDIARIES, INCLUDING BUT NOT LIMITED TO THE HERTZ CORPORATION, AND HERTZ CO. vs. A2K NY CORP ET AL**
**Motion No. 002**

Page 2 of 6

2 of 6

[* 2]

Secretary of State under Business Corporation Law § 306(b), the Court ruled that plaintiff had failed to include with its service of the requisite additional mailing a notice to the corporations that service was being made pursuant to CPLR 3215(g)(4); in addition, the index number listed on the affirmation of service for the additional mailings (NYSCEF Doc. No. 61, PDF at 8) was incorrect. As to the individual defendants, the Court found the military investigations underlying the non-military affidavits to be deficient in their timing. The Court also held that it was precluded from accepting the late answers of defendants Carmili, I&A, and Ridgewood (NYSCEF Doc. No. 74) because the request to accept them had been made via opposition to the default motion rather than via cross-motion.

Now, plaintiff again seeks default judgment against all defendants, except Ace, Streamcare, Beach, Kuman, Manalapan, and Pars (NYSCF Doc. Nos. 78-96).[2]

A plaintiff seeking default judgment against a non-appearing defendant must move within one year of the default (*see* CPLR 3215[c]), and file proof of: (1) service of the summons and complaint, or summons with notice; (2) the facts constituting the claim; and (3) the default (*see* CPLR 3215[f]; *Bigio v Gooding*, 213 AD3d 480, 481 [1st Dept 2023]).

To establish the "facts constituting the claim," the movant need only demonstrate "enough facts to enable a court to determine that a viable cause of action exists" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]), which can be effected by

---

[2] Beach, Kuman, Manalapan, and Pars filed an opposition and cross-moved on October 22, 2025 to compel plaintiff to accept their late answer (NYSCEF Doc. 97-105). By stipulation filed October 27, 2025 (NYSCEF Doc. No. 106), plaintiff withdrew its default motion against those defendants, which withdrew their cross-motion.

151967/2025 HERTZ VEHICLES, LLC, AND ALL OF ITS AFFILIATES AND SUBSIDIARIES, INCLUDING BUT NOT LIMITED TO THE HERTZ CORPORATION, AND HERTZ CO. vs. A2K NY CORP ET AL
Motion No. 002

Page 3 of 6

3 of 6

[* 3]

affidavit of a party or by verified complaint, if one has been properly served (*see id.* at 70; CPLR 3215[f]). The "standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" (*Joosten v Gale*, 129 AD2d 531, 535 [1st Dept 1987]).

The failure to subscribe and return an EUO transcript is a violation of a condition precedent warranting denial of coverage (*see Kemper Indep. Ins. Co. v. Cornerstone Chiropractic, P.C.*, 185 AD3d 468 [1st Dept 2020]).

Here, plaintiff has demonstrated that it is entitled to a default judgment by submitting, *inter alia*: the summons and verified complaint (NYSCEF Doc. No. 82); corrected affidavits of service and additional service in compliance with CPLR 3215(g)(4) (NYSCEF Doc. Nos. 77, 93, 96); an affirmation of a claims adjuster, employed by a third-party administrator for Hertz, ESIS, Inc., attesting to claims received from or on behalf of claimants Johnson, Thomas, and Winfrey, the reasons Hertz requested EUOs for the claimants, the EUOs for all claimants, and all three claimants' failure, despite due demand, to return subscribed copies of their EUO transcripts (NYSCEF Doc. No. 81); affirmations of an attorney, attesting to his firm's business practices in conducting EUOs and requesting subscription of EUO transcripts (NYSCEF Doc. No. 80); an MV-104 report of motor vehicle accident (NYSCEF Doc. No. 84); no-fault claims forms (NYSCEF Doc. 85); EUO letters (NYSCEF Doc. No. 91); updated military search reports (NYSCEF Doc. No. 92); and an affirmation of counsel in support of the motion (NYSCEF Doc. No. 79).

Plaintiff has made all necessary corrections in accordance with the Court's August 28, 2025 order: the notice of default contains additional language stating that, as to the corporate entities served via Business Corporation Law § 306, "service was previously

151967/2025   HERTZ VEHICLES, LLC, AND ALL OF ITS AFFILIATES AND SUBSIDIARIES,   Page 4 of 6
INCLUDING BUT NOT LIMITED TO THE HERTZ CORPORATION, AND HERTZ CO. vs. A2K NY
CORP ET AL
Motion No. 002

4 of 6

[* 4]

made pursuant to BCL 306 and CPLR 3215(g)(4)(ii)" (NYSCEF Doc. Nos. 77 at 1; 93 at 2); the affirmation of service for the additional mailings contains the correct index number (NYSCEF Doc. Nos. 77 at 29; 93 at 30; 96 at 1); and additional military searches of the individual defendants were conducted contemporaneously with the filing of the current notice of default (NYSCEF Doc. No. 92).

Despite Justice Ramirez's clear directions in her August 28, 2025 order that the late answering defendants were required to move pursuant to CPLR 3012(d) for their answers to be deemed timely filed, none other than Beach, Kuman, Manalapan, and Pars have done so; nor have they submitted any opposition to the new default motion.

It is therefore

ORDERED that plaintiff's motion for default judgment is granted as to all defendants except Ace Med Supplies Inc., Streamcare, LLC, Beach Medical Rehabilitation P.C., Kuman Medical Supply Inc., Manalapan Surgery Center, and Pars Medical, P.C.; and it is further

ADJUDGED and DECLARED that plaintiff owes no duty to afford, pay, or cover any no-fault claims of defendants A2K NY Corp., Anjani Sinha Medical, P.C., Antey Corp., Better Medical Health, P.C., Clinical Pharmacy, Inc. d/b/a CPW Pharmacy, David Carmili, Physician, P.C., Emed Pharmacy Corporation, Empire K Corp., Harmony OS, LLC, I & A Imaging, LLC, J Flexible Corp., Leader Rx Pharmacy, LLC, Mr 2b, Inc., Nexgen Line, Inc., Ocean Chemists, Inc., One Hand 1 Physical Therapy, P.C., Picolini, Inc., Pinnacle OS, LLC, Psychology 21, P.C., Quality Laboratory Service, Rafael Yaakobov Family Health NP, P.C., Raia Medical Services, P.C., Ridgewood Medical Services, P.C., Scob, LLC, Yousha Medical Wellness, PLLC, Willis Care Pharmacy, Inc.,

151967/2025   HERTZ VEHICLES, LLC, AND ALL OF ITS AFFILIATES AND SUBSIDIARIES, INCLUDING BUT NOT LIMITED TO THE HERTZ CORPORATION, AND HERTZ CO. vs. A2K NY CORP ET AL
Motion No. 002

Page 5 of 6

5 of 6

Chamell Johnson, Keiana Thomas, or Derrell Winfrey, arising out of the alleged incident of September 24, 2024, Hertz claim number 1M01M013933732; and it is further

ADJUDGED and DECLARED that all no-fault lawsuits, arbitrations, awards, judgments, and claims filed by defendants A2K NY Corp., Anjani Sinha Medical, P.C., Antey Corp., Better Medical Health, P.C., Clinical Pharmacy, Inc. d/b/a CPW Pharmacy, David Carmili, Physician, P.C., Emed Pharmacy Corporation, Empire K Corp., Harmony OS, LLC, I & A Imaging, LLC, J Flexible Corp., Leader Rx Pharmacy, LLC, Mr 2b, Inc., Nexgen Line, Inc., Ocean Chemists, Inc., One Hand 1 Physical Therapy, P.C., Picolini, Inc., Pinnacle OS, LLC, Psychology 21, P.C., Quality Laboratory Service, Rafael Yaakobov Family Health NP, P.C., Raia Medical Services, P.C., Ridgewood Medical Services, P.C., Scob, LLC, Yousha Medical Wellness, PLLC, Willis Care Pharmacy, Inc., Chamell Johnson, Keiana Thomas, or Derrell Winfrey arising out of the alleged incident of September 24, 2024, Hertz claim number 1M01M013933732, are hereby dismissed or stayed; and it is further

ORDERED that the balance of this action, against Ace Med Supplies Inc., Streamcare, LLC, Beach Medical Rehabilitation P.C., Kuman Medical Supply Inc., Manalapan Surgery Center, and Pars Medical, P.C., is severed and continued.

This constitutes the decision and order of the Court.

| __3/4/2026__ | | | | |
| DATE | | | MATTHEW V. GRIECO, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

151967/2025  HERTZ VEHICLES, LLC, AND ALL OF ITS AFFILIATES AND SUBSIDIARIES,          Page 6 of 6
INCLUDING BUT NOT LIMITED TO THE HERTZ CORPORATION, AND HERTZ CO. vs. A2K NY
CORP ET AL
Motion No. 002