**Root Ins. Co. v 3rd Ave Chiropractic, P.C.**

2026 NY Slip Op 30985(U)

March 13, 2026

Supreme Court, New York County

Docket Number: Index No. 153723/2025

Judge: Matthew V. Grieco

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK NEW YORK COUNTY

| | |
|---|---|
| PRESENT:    **HON. MATTHEW V. GRIECO** <br> *Justice* | PART      **30M** |

----------------------------------------------------------------X

ROOT INSURANCE COMPANY,

           Plaintiff,

     - v -

3RD AVE CHIROPRACTIC, P.C., ANGELA PLISCHTEJEW, BRS CHIROPRACTIC, P.C., BOROUGH MEDICAL SUPPLY, INC., HKP PHYSICAL THERAPY, P.C., MR 2B, INC., NU HEALTH ACUPUNCTURE, P.C., RIDGEWOOD MEDICAL SERVICES, P.C., ROCKAWAY PARK MEDICAL, P.C., STAR MEDICAL DIAGNOSTIC, P.C., STEP UP PHYSICAL THERAPY P.C., VK CHIROPRACTIC, P.C., ALAGI CEESAY, EARWINS JOCELYN, SALUME CEESAY

           Defendant.

----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153723/2025 |
| MOTION DATE | 01/29/2026 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36
were read on this motion to/for         JUDGMENT - DEFAULT        .

Upon the foregoing documents, and for the reasons stated *infra*, plaintiff's motion for a default judgment is granted in part.

On March 23, 2025, plaintiff, Root Insurance Company ("Root"), commenced this action for a declaratory judgment that it owes no duty to pay any no-fault claims arising out of an alleged motor vehicle collision on August 2, 2024, on the following grounds: (1) plaintiff maintains a founded belief that claimants' injuries did not arise from an insured incident; and (2) two claimants failed to return subscribed copies of their EUO transcripts (NYSCEF Doc. No. 1 [summons and complaint]).

Specifically, plaintiff alleges that on July 19, 2024, it issued an automobile insurance policy to non-party Mayco Petit. Defendants Alagi Abdoulie Ceesay, Earwins Jocelyn, and Salume Ceesay, supposed passengers in Petit's vehicle, filed claims arising

[* 1]

from an alleged motor vehicle collision on August 2, 2024. Root investigated the claims and conducted EUOs for Petit and all three claimants. Alagi and Salume Ceesay failed to return subscribed EUO transcripts (*id.*; *see also* NYSCEF Doc. No. 20 [affirmation in support of default motion]).

On October 23, 2025, plaintiff moved for a default judgment pursuant to CPLR 3215 (NYSCEF Doc. Nos. 18-36) against all defendants.

Defendants 3rd Ave Chiropractic, P.C. ("3rd Ave), BRS Chiropractic, P.C. ("BRS"), and Ridgewood Medical Services, P.C. ("Ridgewood") filed an answer with counter-claims on December 22, 2025 (NYSCEF Doc. No. 37). Plaintiff filed a notice of rejection on January 2, 2026 (NYSCEF Doc. No. 38).

A plaintiff seeking default judgment against a non-appearing defendant must move within one year of the default (*see* CPLR 3215[c]), and file proof of: (1) service of the summons and complaint, or summons with notice; (2) the facts constituting the claim; and (3) the default (*see* CPLR 3215[f]; *Bigio v Gooding*, 213 AD3d 480, 481 [1st Dept 2023]).

To establish the "facts constituting the claim," the movant need only demonstrate "enough facts to enable a court to determine that a viable cause of action exists" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]), which can be effected by affidavit of a party or by verified complaint, if one has been properly served (*see id.* at 70; CPLR 3215[f]). The "standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" (*Joosten v Gale*, 129 AD2d 531, 535 [1st Dept 1987]).

The failure to subscribe and return an EUO transcript is a violation of a condition precedent warranting denial of coverage (*see Kemper Indep. Ins. Co. v Cornerstone Chiropractic, P.C.*, 185 AD3d 468 [1st Dept 2020]).

In addition, a court may properly find that an insurer has no duty to pay no-fault claims if the insurer demonstrates a "founded belief that the alleged injury [did] not arise out of an insured incident" (*Central Gen. Hosp. v Chubb Grp. of Ins. Cos.*, 90 NY2d 195, 199, [1997]).

Here, plaintiff has submitted, *inter alia*: the summons and verified complaint (NYSCEF Doc. No. 1); affidavits of service and additional service in compliance with CPLR 3215(g)(4) (NYSCEF Doc. Nos. 24, 31, 34); no-fault claims forms (NYSCEF Doc. No. 25); EUO subscription letters for Alagi and Salume Ceesay (NYSCEF Doc. No. 30); EUO transcripts (NYSCEF Doc. Nos. 26-29); an affirmation of Colby King, a claims manager employed by Root, as to indications that the loss might not have been a covered event (*see infra*) (NYSCEF Doc. No. 22); an affirmation of an attorney, Ivana Bologna, attesting to Alagi and Salume Ceesay's failure to return subscribed copies of their EUO transcripts (NYSCEF Doc. No. 21); and an affirmation of counsel in support of the motion (NYSCEF Doc. No. 20).

Regarding service, plaintiff has established proper service through the affidavits of service and additional service required by CPLR 3215(g)(4) (NYSCEF Doc. Nos. 24, 31, 34).

As to the facts constituting the claim, plaintiff has established that Alagi and Salume Ceesay failed to subscribe and return copies of their EUO transcripts, despite due demand, constituting violations of conditions precedent, and warranting denial of

coverage as to all claims pertaining to Alagi and Salume Ceesay, only (*see Kemper,* 185 AD3d at 468).

However, plaintiff has not sufficiently demonstrated a "founded belief that the alleged injury [did] not arise out of an insured incident" (*Central Gen. Hosp.,* 90 NY2d at 199). The affirmation of Colby King, a claims manager employed by Root (NYSCEF Doc. No. 22), indicates: the policy was issued 13 days prior to the claimed accident; the insured vehicle is 15 years old; the policy was procured using a Florida address, but the collision occurred in New York; after multiple requests for valid proof of residency, Petit was unable to produce any valid proof of residency in Florida; Petit stated during his EUO that he had procured the policy after his arrival in New York (around April or May 2024) and has not returned to Florida since; Petit gave a current address in Queens, New York; there is no police report or MV-104 report for the alleged accident (and the alleged adverse vehicle allegedly fled the scene); and there were inconsistencies in the testimony of Petit, Jocelyn, and Alagi and Salume Ceesay regarding events on the day of the collision.

While there are indicia of potential misrepresentations, the information before the Court at this time is insufficient to demonstrate that claimants' alleged injuries did not arise out of an insured incident (*compare State Farm Mut. Auto. Ins. Co. v AK Glob. Supply Corp.,* 203 AD3d 556, 558 [1st Dept 2022] [according to claim specialist's affidavit, policy was procured online to Albany address 22 days before collision; collision occurred late at night in Queens, New York; adverse driver told police he did not believe claimants were in the insured vehicle at time of collision; claimants began undergoing elaborate treatments the next day, although police accident report showed no reported injuries at the scene and no damage to either car; alleged driver of insured vehicle

denied ever driving the vehicle, knowing any of the claimants, or knowing one of defendant's names, leading to conclusion that identity of insured vehicle's driver had been stolen; and witness to collision affirmed that insured vehicle seemed to have collided with other car intentionally]).

As to the default, the only answering defendants, 3rd Ave, BRS, and Ridgewood, filed their answer late (NYSCEF Doc. No. 37), on December 22, 2025 (after plaintiff filed the motion for default judgment, which defendants did not oppose), and without any showing of reasonable excuse for the delay or default (CPLR 3012[d]). Plaintiff also filed a notice of rejection (NYSCEF Doc. No. 38), yet the defendants did not move to compel acceptance or oppose the default motion. Moreover, as these were the only defendants to proffer an answer, the Court finds that plaintiff would be prejudiced by deeming the answer timely filed. Thus, despite this State's preference for resolving controversies on the merits, here, the interests of justice do not warrant an exercise of discretion in excusing defendants' delay in answering the complaint (*compare Morales v American United Transp., Inc.*, 214 AD3d 415 [1st Dept 203]; *New Media Holding Co. LLC v Kagalovsky*, 97 AD3d 463 [1st Dept 2012]).

It is therefore

ORDERED that plaintiff's motion for default judgment is granted, against all defendants, solely as to the claims pertaining to Alagi Abdoulie Ceesay and Salume Ceesay arising out of the alleged incident of August 2, 2024, Root claim number FW4VXLFL; and it is further

ORDERED that plaintiff's motion for default judgment is denied, without prejudice, against all defendants, as to all claims pertaining to Earwins Jocelyn arising

out of the alleged incident of August 2, 2024, Root claim number FW4VXLFL; and it is further

ADJUDGED and DECLARED that plaintiff owes no duty to afford, pay, or cover any no-fault claims of defendants 3rd Ave Chiropractic, P.C., Angela Plischtejew, BRS Chiropractic, P.C., Borough Medical Supply, Inc., HKP Physical Therapy, P.C., MR 2b, Inc., NU Health Acupuncture, P.C., Ridgewood Medical Services, P.C., Rockaway Park Medical, P.C., Star Medical Diagnostic, P.C., Step Up Physical Therapy P.C., VK Chiropractic, P.C., Alagi Abdoulie Ceesay, and Salume Ceesay as to the claims pertaining to Alagi Abdoulie Ceesay and Salume Ceesay arising out of the alleged incident of August 2, 2024, Root claim number FW4VXLFL; and it is further

ORDERED and ADJUDGED that all no-fault lawsuits, arbitrations, awards, judgments, and claims filed by defendants 3rd Ave Chiropractic, P.C., Angela Plischtejew, BRS Chiropractic, P.C., Borough Medical Supply, Inc., HKP Physical Therapy, P.C., MR 2b, Inc., NU Health Acupuncture, P.C., Ridgewood Medical Services, P.C., Rockaway Park Medical, P.C., Star Medical Diagnostic, P.C., Step Up Physical Therapy P.C., VK Chiropractic, P.C., Alagi Abdoulie Ceesay, and Salume Ceesay as to the claims pertaining to Alagi and Salume arising out of the alleged incident of August 2, 2024, Root claim number FW4VXLFL, are hereby dismissed or stayed; and it is further

ORDERED that the balance of this action, against defendants 3rd Ave Chiropractic, P.C., Angela Plischtejew, BRS Chiropractic, P.C., Borough Medical Supply, Inc., HKP Physical Therapy, P.C., MR 2b, Inc., Nu Health Acupuncture, P.C., Ridgewood Medical Services, P.C., Rockaway Park Medical, P.C., Star Medical Diagnostic, P.C., Step Up Physical Therapy P.C., VK Chiropractic, P.C., and Earwins Jocelyn, as to all claims

[* 6]

pertaining Earwins Jocelyn arising out of the alleged incident of August 2, 2024, Root

claim number FW4VXLFL, is severed and continued.

This constitutes the decision and order of the Court.

| 3/13/2026 | | |
|---|---|---|
| DATE | | MATTHEW V. GRIECO, J.S.C. |

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☐ DENIED ☒ GRANTED IN PART ☐ OTHER

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**153723/2025  ROOT INSURANCE COMPANY vs. 3RD AVE CHIROPRACTIC, P.C. ET AL**
**Motion No.  001**

Page 7 of 7